## J. C. Heckman, Appellee, v. Springfield, Clear Lake & Rochester Interurban Railway Company, Appellant.

1. TRIAL—*order of introduction of proof.* Unless an abuse of discretion is shown the action of the trial court in permitting the plaintiff to introduce further testimony after he had closed his case, will not reverse.

2. APPEALS AND ERRORS—*when assignment of error not considered.* An objection urged on review will not be considered in the absence of the abstract showing that an exception was preserved.

Assumpsit. Appeal from the County Court of Sangamon county; the Hon. GEORGE W. MURRAY, Judge, presiding. Heard in this court at the November term, 1910. Affirmed. Opinion filed May 26, 1911.

GEORGE M. MORGAN, for appellant.

SHUTT & FAIN, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an appeal from a judgment in favor of the plaintiff, for $219. The declaration consisted of the common counts, together with a bill of particulars showing the claim of the plaintiff to be for an amount claimed to be due to him for labor performed for the defendant.

The evidence introduced by the plaintiff tends to show that he was employed by the defendant on March 12, 1907, as a conductor and motorman upon its railroad; that his wages were to be $14 a week in cash, and the sum of $20 per month to be credited on account of bonds of the road to be purchased by him; that on or about March 27, 1907, a new arrangement was entered into, whereby he was to receive $14 a week in cash, and $15 a month to be credited on said purchase of bonds. On or about August 27, 1907, still another arrangement was made, whereby he was to be paid $15 per week, and $15 per month credit on bonds;

that when he quit the employ of the company, on September 17, 1908, there was due him a credit upon the purchase of bonds of the sum of $36, which was thereafter paid to him by the manager of the company, in small cash installments. The defendant contends that the arrangement whereby the plaintiff was to receive a credit each month on account of payment for bonds, was not renewed on August 27, 1907, at the time his wages were raised from $14 to $15 a week. Upon the controverted issue as to the terms of the employment, the jury were not unwarranted in finding in favor of the plaintiff.

It is urged that the court erred in refusing to direct a verdict for the defendant at the close of plaintiff's case, and again at the close of all the evidence, for the reason that the pleadings in the case were insufficient to advise the defendant of the character of the plaintiff's claim. Such contention is without merit. The pleadings we think sufficiently advised the defendant. The objections urged to the instructions given on behalf of the plaintiff are also without merit. They correctly state the law.

It is further urged that the court further erred in permitting the plaintiff to introduce further testimony after he had closed his case. The order in which testimony shall be received is a matter resting largely within the sound discretion of the court, and we do not think that such discretion was abused in this instance. It is finally contended that the court erred in admitting in evidence the written demand of the plaintiff before bringing the suit, for the wages claimed by him to be due. As to this objection it will suffice to say that the abstract does not disclose that the defendant preserved any exception to the adverse ruling of the court.

The verdict and judgment were warranted by the evidence, there was no prejudicial error in the rulings of the court upon the evidence or instructions, and the judgment is accordingly affirmed.

*Affirmed.*